## PARKER *v.* McCLUER.

March, 1867.

An advancement may be established by parol.

A verbal agreement between father and son, that the son should have a certain piece of land in full for his share as heir of the estate of the father (the land being, at the time of the agreement, of proportionate value to constitute such share), without writings or written evidence of title given, is, if followed by possession and enjoyment by the son, an advancement, within 1 *R. S.* 754; and if it does not appear that the decedent left any personal or real estate other than what he possessed at that time, so that the advancement appears to be equal, if not superior to the amount of the share which the child would have been entitled to have received from the estate as heir, such child and his heirs will be excluded from any further share in the estate of the decedent.

Equity would interpose against the claim of the heir in such case.

The provisions of the statute relative to advancements apply to transactions in the nature of advancements made before the enactment of the statute, although the death of the father occurred after the enactment of the statute.

Eunice Parker, one of the heirs of Joseph McCluer, brought this action, in the supreme court, against Porter McCluer, a grandson of said Joseph, to recover the possession of land left by Joseph. Both parties claimed as heirs at law of the decedent. The defendant resisted the plaintiff's claim, on the ground that during the lifetime of the decedent, the decedent made an advancement to Samuel McCluer, the father of the plaintiff, of a share of his real estate, in full of his right of succession to the estate of the decedent; and the defendant alleged that he, the defendant, had acquired the title in the premises in question of all the heirs other than plaintiff.

The facts found were, that on July 19, 1828, Samuel McCluer, with his wife, executed and delivered to Joseph McCluer, his father, a quit-claim deed of the whole of lot number thirty-nine, in township number four, in the Holland Land Company's survey, in Cattaraugus county, which included the premises described in the complaint, excepting and reserving therefrom several small parcels theretofore conveyed, and also forty-five acres on the northeast part of the lot. At the time of giving such deed, it was verbally agreed between Samuel, and Joseph, his father, that Samuel should have the forty-five acres on the northeast part of the lot, in full, for his share as heir of the estate of the said Joseph, but no writings were made between them, and Joseph gave Samuel no written evidence of title to said forty-five acres. Joseph McCluer was in possession of the forty-five acres prior to that agreement, and immediately thereafter, the said forty-five acres were surveyed off to said Samuel, and he went into possession of the same, and continued in possession thereof until his death in July, 1829.

At the time the deed was given, Joseph went into the possession of the land conveyed or quit-claimed by Samuel and his wife, and remained in possession until his death, in 1833, and was seized in fee of the same at the time of his death. The premises described in the complaint form a part of the land

conveyed to Joseph by Samuel, and form no part of the land excepted or reserved from said deed. Samuel died intestate in July, 1829, leaving him surviving eight children, of whom the plaintiff is one, all legitimate and heirs to his estate. Samuel was a legitimate son of Joseph, and had he been living when Joseph died, would have taken as an heir to Joseph. Joseph died in September, 1833, intestate, and leaving him surviving seven children, heirs to his estate, and also eight grandchildren, the children of said Samuel, including the plaintiff. The defendant was in possession of the land described in the complaint at the time of the commencement of the action, August 3, 1859, and claimed title to the same to the exclusion of the plaintiff. He had acquired all the title of all the heirs of Joseph McCluer, except the children of Samuel. The plaintiff was born August 18, 1828, and claimed judgment for the portion already mentioned, as heir at law of Joseph McCluer, deceased.

About two years after the death of Samuel, his administrators, pursuant to an order of the surrogate of Cattaraugus county, sold the forty-five acres for the payment of the debts of the said Samuel. It appeared that the forty-five acres, at the time the deed was given in 1828, were worth more than one-eighth part of all the land owned by Joseph at that time.

The jury, under the direction of the court, rendered a verdict for the plaintiff for the undivided one-sixty-fourth part of the premises described in the complaint, subject to the opinion of the court at general term on a case to be made by the plaintiff.

*The supreme court,* at general term, decided that the transaction between Joseph and Samuel amounted in law to an advancement from Joseph to Samuel,* or if not, that the agreement, part performance and attending circumstances, were

---

\* The provisions of the Revised Statutes applicable are :

" Section 23. If any child of an intestate shall have been advanced by him by settlement a portion of real or personal estate, or of both of them, the value thereof shall be reckoned for the purposes of this section only as part of the personal estate of such intestate, descendible to his heirs and to be distributed to his next of kin according to law ; and if such advancement be equal or superior to the amount of the share,

such as in equity to require that the agreement should not be disturbed by the children and heirs at law of Samuel; or if not, that the legal title to the forty-five acres was in Samuel and the equitable title in Joseph, and that the effect of the reservation and subsequent acts of the parties was a complete consummation of the agreement, and that the plaintiff could not recover any portion of the land described in the complaint as heir at law of Joseph McCluer or otherwise, and gave judgment for the defendant.

That part of the opinion of the supreme court (delivered by MARVIN, J.) which relates to the question of the applicability of the statute, notwithstanding the fact that the transaction occurred before the enactment of the statute, is as follows:

"It is said by the plaintiff's counsel that there was no statute prior to January, 1830, relating to the advancement of real estate, and excluding the heir advanced from a portion of his inheritance: that by the revised laws (1 *R. L.* 313, § 16), an advancement of real estate only operated to exclude the child so advanced from a full share in the distribution of the personal estate.

"In the present case, whatever occurred between Samuel and his father in relation to the forty-five acres, was prior to 1830, when the provisions in the revised statutes took effect. These provisions are more ample than those in the revised laws. If the advancement in real estate has been sufficient, it will exclude the child advanced from any share in the real

which such child would be entitled to receive of the real and personal estate of the deceased as above reckoned, then such child and his descendants shall be excluded from any share in the real and personal estate of the intestate.

" Sec. 24. But if such advancement be not equal to such shares, such child and his descendants shall be entitled to receive so much only of the personal estate, and to inherit so much only of the real estate, of the intestate, as shall be sufficient to make all the shares of the children, in such real and personal estate and advancement, to be equal as near as can be estimated.

" Sec. 25. The value of any real or personal estate so advanced shall be deemed to be that, if any, which was acknowledged by the child by an instrument in writing ; otherwise such value shall be estimated according to the worth of the property when given." 1 *R. S.* p. 754.

estate; and if not sufficient, then he can only inherit enough to make him equal with the other children. 1 *R. S.* 754, §§ 23, 24.

" It is claimed that the provisions of the revised statutes can have no effect in this case, as the arrangement between Samuel and his father, Joseph, was in 1828, and Samuel died in 1829, prior to the revised statutes of 1830.

" The provisions of the statute referred to, are in the chapter relating to real property by descent; and it is declared that ' If any child of an intestate shall have been advanced by him a settlement or portion of real estate or personal estate, &c., &c., the value thereof is to be reckoned, &c.,' and in short, set off.

" In the present case, Joseph McCluer, the father, did not die until September, 1833, long after the revised statutes were in force; and they applied to the real estate of which he died seized, and directed how it should descend.

" The direction is, if any child has been advanced, then such child shall not take a full share of the real estate by descent of which the parent died seized.

" The statutes had full effect upon the descendible estate of Joseph McCluer; and although the advancement may have been made prior to the revised statutes, it was certainly competent for the legislature to enact a law which should control the descent of the real estate of persons dying intestate thereafter, which should exclude a child who had been advanced at any time.

" If, therefore, this was a clear case of advancement by the father, Joseph, to the son, Samuel, made in 1828, I should not hesitate to apply the statute, and exclude the children of Samuel from any share of the real estate of their grandfather."

*A. G. Rice*, for plaintiff, appellant;—Cited 2 *R. S.* 293, §§ 5, 295, 16 ; Thompson *v.* Carmichael, 3 *Sandf. Ch.* 120 ; S. C., 4 *N. Y. Leg. Obs.* 134 ; 1 *R. S.* 313, § 16, 754, §§ 23, 24, 25 ; 6 *Bac. Abr.* 370, Stat. C. ; 1 *Black. Com.* 44 ; *Smith Com. Stat. & Const. Con.* 679 ; *Sedg. on Stat. & Con. Law*, 188, *et seq. ; Id.* 404, *et seq. ;* Dash *v.* Van Kleeck, 7 *Johns.* 477 ; *Co. Litt.* 360 *a ;* Murray *v.* Gibson, 15 *How. U. S.* 421 ; Plumb *v.* Sawyer,

21 *Conn.* 351; Wood *v.* Oakley, 11 *Paige,* 400; affirming 4 *Edw.* 562; Bailey *v.* Mayor, &c. of N. Y., 7 *Hill,* 146; Jarvis *v.* Jarvis, 3 *Edw. Ch.* 462; Butler *v.* Palmer, 1 *Hill,* 324.

*S. S. Spring,* for defendant, respondent;—Cited 1 *R. S.* 754, §§ 23, 24, 25; Malins *v.* Brown, 4 *N. Y.* (4 *Comst.*) 403; Lowry *v.* Tew, 3 *Barb. Ch.* 407; Parkhurst *v.* Cortlandt, 14 *Johns.* 14; reversing 1 *Johns. Ch.* 273; 2 *Story Eq. Jur.* § 759; *Willard Eq. Jur.* 283–9.

By the Court.—Davies, Ch. J. [After stating the facts. and reciting the statute above.]—There was no acknowledgment in writing of the value of the real estate advanced to Samuel, and it was therefore proper to estimate the worth at the time the property was given. This time was the date of the deed or release from Samuel to his father in 1828, when forty-five acres were given to him, and a survey thereof made, and possession of the same given by Joseph to Samuel.

Samuel continued in possession thereof up to the time of his death, and it was subsequently sold for the payment of his. debts.

Upon the. facts found by the court, Joseph and his heirs: would undoubtedly be estopped from setting up any claim to the forty-five acres; and if any such claim had been preferred, a, court of equity would have restrained its enforcement.

It does not appear, from the finding of facts, that Joseph acquired any other real estate, prior to his death, than that which he owned at. the time of the transaction with his son Samuel, on July 19, 1828. Neither does it appear that he died possessed of any personal estate. We are authorized to assume, to sustain this judgment, that he acquired no other real estate, after July 19, 1828, and that he did not die possessed of any personal estate. If the plaintiff's right of recovery was dependent upon establishing either of these facts, she should have done so upon the trial.

It having been found as a fact that the forty-five acres given by Joseph to his son Samuel. in July, 1828, were worth more than one-eighth part of all the land or real estate of Joseph, we agree with the supreme court that the transaction between

Joseph and Samuel amounted in law to an advancement from the former to the latter. Samuel, or his children, upon the death of Joseph, intestate, were entitled to take one-eighth part of his estate, real and personal. It not appearing that he left any personal estate, or any real estate other than what he possessed on July 19, 1828, it appears from the facts found that Samuel was advanced more than one-eighth part of the estate which Joseph owned.

Such advancement being equal, if not superior to the amount of the share which Samuel would be entitled to receive of the estate of Joseph, it follows from the provisions of the revised statutes above quoted, that Samuel and his children, including this plaintiff, must be excluded from any further share in the estate of Joseph McCluer. This clearly should be so, until it is made to appear that he died possessed of any real or personal estate other than that owned by him on July 19, 1828.

This action is to recover one-sixty-fourth part of the real estate which this plaintiff's ancestor quit-claimed and released to the ancestor of the defendant, on consideration of receiving the forty-five acres, which were worth more than one-eighth part of all the real estate of the defendant's ancestor. If Joseph, then, had died intestate before such advancement or gift to Samuel, such one-eighth part would have been all that Samuel would have inherited. He has received his equal share and retained the same, and his heirs now claim the one-eighth part of the residue. A more inequitable claim could hardly be preferred, and I concur with the supreme court that it cannot be maintained.

Judgment should be affirmed, with costs.

All the judges concurred.

Judgment affirmed, with costs.